1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Gilberto Carillo,

      Plaintiff

      v.

Douglas Gillespie et al.,

      Defendants

Case No.: 2:12-cv-02165-JAD-VCF

**Order Denying Motion for Reconsideration [Doc. 98]**

      Before the Court is Plaintiff's Motion for Reconsideration, Doc. 98, asking the Court to reconsider the Order denying appointed counsel that was entered May 6, 2013.  Doc. 43. Defendants oppose Plaintiff's Motion  Doc. 101.

      Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e).  *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999).  Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law.  *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)). Although reconsideration may also be warranted under other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

      The Court finds no new evidence, clear error or manifest injustice, or intervening change in

law that would warrant reconsideration of the order he now challenges.

Accordingly, and with good cause appearing:

It is hereby ORDERED that Plaintiff's Motion for Reconsideration [**Doc. 98**] is **DENIED**.

DATED November 6, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE