# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Gilberto Carrillo,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Douglas Gillespie et al.,<br><br>　　　　Defendants | Case No.: 2:12-cv-02165-JAD-VCF<br><br>**Order**<br>**Granting Motion to Dismiss [Doc. 51],**<br>**Denying Motion for Summary**<br>**Judgment [Doc. 59],**<br>**Granting Motion to Dismiss [Doc. 63],**<br>**Denying Motion to Abey [Doc. 81],**<br>**Granting in Part and Denying in Part**<br>**Motion to Abey [Doc. 84],**<br>**Denying Motion to Dismiss [Doc. 92],**<br>**Denying Motion to Extend Time [Doc. 130],**<br>**Denying Motion to Supplement**<br>**Judicial Notice [Doc. 134], and**<br>**Denying Motion for Partial**<br>**Summary Judgment [Doc. 137]** |

　　　　This removed prisoner-civil-rights action arises out of Plaintiff Gilberto Carrillo's temporary transportation to Clark County Detention Center ("CCDC") for a court hearing, where Carrillo was held with Surenos gang member Milo Hicks.[1] Carrillo, a Surenos dropout, feared Hicks would retaliate against him and asked the detention-facility officials not to place him in a cell with Hicks.[2] The men were placed together and a physical altercation occurred between them, followed by what

---

[1] Doc. 1 at 1, 8; Doc. 137 at 3.

[2] Doc. 1 at 8; Doc. 137 at 3.

1

Carrillo describes as "excessive force" by Las Vegas Metropolitan Police Department ("LVMPD") officers, who allegedly slammed Carrillo's head against a wall and jerked him around while he was in wrist, belly, and ankle chains.[3]  Three counts remain after Judge James C. Mahan's screening order issued on May 14, 2013: a deliberate-indifference claim against prison-transportation officers Dwain Cotwright and Raul Diaz, an excessive-force-claim against LVMPD officer Kathryn Bussell, and supervisory-liability claims against Nevada Department of Corrections warden Dwight Neven and LVMPD sheriff Douglas Gillespie.[4]

The Court now considers nine motions brought by parties on both sides.[5]  After reviewing the record and law, and good cause appearing, the Court grants CCDC's motion to dismiss; grants Cotwright, Diaz and Neven's motion to dismiss; and denies Bussell's motion to dismiss.  Carrillo's motions for summary judgement are both denied.  The Court denies Carrillo's first motion to abey, and grants in part and denies in part his second motion to abey.  It also denies as moot Cotwright, Diaz, and Neven's motion to extend time.  Finally, Carrillo's motion to supplement judicial notice is also denied.

**Discussion**

**A.  Clark County Detention Center's Renewed Motion to Dismiss (Doc. 51)**

Defendant CCDC brought a motion to dismiss on December 27, 2012, that was addressed in Judge Mahan's May 14, 2013, screening order.[6]  That order dismissed all but three claims from

---

[3] Doc. 49 at 7–8.

[4] Doc. 48 at 6–7, 9, 11.  This case was subsequently reassigned to the undersigned on August 8, 2013.  Doc. 74.

[5] The Court finds these motions appropriate for resolution without oral argument. L.R. 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  Docs. 7, 26, 41, 52, 64, 93.  The Court also liberally construes all pro-se motions and pleadings.  *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[6] Docs. 5, 48.

2

Carrillo's amended complaint and denied CCDC's original motion to dismiss as moot.[7] Because the order did not specify that CCDC was dismissed with prejudice, CCDC renews its motion to dismiss "in an overabundance of caution."[8] The Court finds that, consistent with Judge Mahan's order and on the merits of CCDC's motion, CCDC is properly dismissed with prejudice.

### 1. *Facially implausible claims must be dismissed.*

District courts employ a two-step approach when evaluating the sufficiency of a complaint in the face of a motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[9] Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient.[10] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[11] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[12] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief" and must be dismissed.[13]

### 2. *Carrillo's claims against the CCDC are implausible under <u>Monell</u> because CCDC is a building, not an entity subject to liability.*

CCDC argues that it is not a proper defendant in this lawsuit because "under Nevada law, it is not a suable entity."[14] *Monell v. Department of Social Services* and its progeny establish that

---

[7] Doc. 48 at 11.

[8] Doc. 51 at 2–3.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[10] *Id*.

[11] *Id.* at 679.

[12] *Id.*

[13] *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] Doc. 51 at 5.

3

Section 1983 liability can attach to municipalities and to municipal officials who act pursuant to official policy[15] CCDC fits neither category: it is neither a political subdivision of Nevada nor a municipal employee.  Instead, as CCDC argues in its motion to dismiss, "Clark County Detention Center" is "the name of a building owned by Clark County."[16]  Carrillo agrees with CCDC by stating that he "does not wish to oppose this defendant's motion to dismiss."[17]  He correctly admits that he "cannot state a colorable claim against CCDC" because "it is merely a name on a building."[18]

Because 1983 "liability is limited to actions for which the municipality is actually responsible," a building cannot be properly sued for the actions of an actual government entity. Carrillo can and does sue municipal officials including LVMPD's Sheriff Gillespie, NDOC's Warden Neven, and employees of LVMPD and NDOC.  He cannot state a plausible claim for relief against CCDC, however, because this building cannot be liable for the misconduct he alleges.[19] Consistent with Judge Mahan's order denying CCDC's initial motion to dismiss as moot, because CCDC is not a proper defendant, and in recognition of Carrillo's admissions, the Court grants CCDC's motion to dismiss (Doc. 51) and dismisses this defendant with prejudice.

**B.    Carrillo's Second Motion to Abey, Bussell's Motion to Dismiss, and Carrillo's Motion for Summary Judgment (Docs. 59, 84, 92)**

Carrillo attempts to bring suit against an LVMPD officer he identifies as "Sgt. K. Bussell."[20] In his motion to abey, Carrillo writes that "it has come to my attention that, rather than being a male

---

[15] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978); *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (citing *St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (plurality opinion)); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphases in original); *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 784–85 (1997) (citations omitted).

[16] Doc. 51 at 8.

[17] Doc. 53 at 1.

[18] Doc. 53 at 2.

[19] *Iqbal*, 556 U.S. at 679.

[20] Doc. 49 at 3.

4

officer, Sgt. K. Bussell, it turns out, is a Ms. Sgt. Katherine Bussell." On this basis, Carrillo's motion to abey brings three requests to the Court: voluntary dismissal of Bussell as the wrong defendant, discovery regarding the correct defendant, and amendment to reflect the correct defendant. The Court considers his requests in turn, followed by Bussell's related motion to dismiss and Carrillo's related motion for summary judgment.

### 1. *Carrillo's motion to abey and Bussell's motion to dismiss (Doc. 84, 92)*
#### a. *Voluntary dismissal*

Federal Rule of Civil Procedure Rule 41 allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." If this is the plaintiff's first dismissal "based on or including the same claim," then dismissal does not operate as an adjudication on the merits.[21] Voluntary dismissal "means that the party is filing the dismissal without being compelled by another party or the court."[22] Such dismissal is an "absolute right" that "leaves no role for the court to play."[23]

Carrillo asks the Court to "sever[] [Bussell] from the substantive action without any prejudice to it."[24] He reiterates this request in his response to Bussell's motion to dismiss, where he writes that it is "clear that Sgt. Katheryn Bussell should be dismissed without prejudice from that action."[25] The Court therefore construes Carrillo's motion as a request, in part, to dismiss his claims against Kathryn Bussell without prejudice. Defendant Bussell filed a motion to dismiss on September 6, 2013, which similarly asks the Court to dismiss the action against her without prejudice and to

---

[21] *See* FED. R. CIV. P. 41(1)(B).

[22] *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (quoting *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987)).

[23] *Am. Soccer Co., v. Score First Enters.*, 187 F.3d 1108, 1109–10 (9th Cir. 1999).

[24] Doc. 84 at 2.

[25] Doc. 121 at 2.

5

1  cancel issuance of service.[26] Her requests are based entirely on Carrillo's motion to abey, which was
2  filed 16 days earlier on August 21, 2013.[27] At the time Carrillo brought his motion, Bussell had not
3  filed either an answer or a motion for summary judgment, and she still has not filed either.[28] Rule 41
4  therefore permits voluntary dismissal.  It does not, however, authorize the Court to cancel issuance
5  of service and that is a step the Court declines to take.  Accordingly, the Court grants Carrillo's
6  motion in part (Doc. 84), dismisses the claims against Bussell without prejudice, and denies
7  Bussell's motion to dismiss (Doc. 92) as moot.

### b.   *Discovery*

Carrillo's motion to abey also asks the Court or counsel to "abey [his] pending motion for limited summary judgment against Sgt. K. Bussell untill [*sic*] discovery is completed and counselor or the court amends the action to reflect the correct deffendant [*sic*]."[29] In an apparent effort to convey his good-faith efforts, he describes his "inadvertent misidentification through misinformation provided by other defendants" and writes that, without counsel, "errors of such nature are inadvertantly wrought."[30] Without questioning any party's good-faith efforts to identify the correct "K. Bussell," the Court liberally construes this as a request for the Court or opposing counsel to determine the correct defendant and to allow Carrillo to amend his complaint to substitute in the correct defendant.  While neither the Court nor opposing counsel can amend Carrillo's pleadings, the Court proceeds with Carrillo's discovery request in accordance with Federal Rule of Civil Procedure 26.

Rule 26(a)(1)(A) requires parties to disclose certain discoverable information to their adversaries, and Rule 26(e)(1) requires a party to "supplement or correct its disclosure or

---

[26] Doc. 92 at 2.

[27] *See generally* Doc. 92; *see also* Doc. 84.

[28] Doc. 92.

[29] Doc. 84 at 2.

[30] Doc. 84 at 1–2.

6

1  response . . . in a timely manner if the party learns that in some material respect the disclosure or
2  response is incomplete or incorrect, and if the additional or corrective information has not otherwise
3  been made known to the other parties." In keeping with these rules, the Court hereby orders Sheriff
4  Gillespie to file a status update advising the Court whether he has fully complied with his Rule 26
5  obligations, including whether he has new information that might provide the name of any officer
6  who had contact with Carrillo after the altercation between Carrillo and Hicks. Gillespie is hereby
7  directed to comply with this order **within 30 days, on or before April 28, 2014**. To the extent
8  Carrillo's motion to abey requests discovery into the identity of officers, his motion (Doc. 84) is
9  granted.

          *c.*      *Amendment*

Carrillo's request for discovery and to allow him to amend his complaint to substitute a new name in place of Officer Bussell was filed on August 21, 2013, and is timely.[31] The Court construes this request as one to allow Carrillo to amend his own complaint.

Federal Rule of Civil Procedure 15 requires the Court to "freely give leave [to amend] when justice so requires."[32] "This policy is to be applied with extreme liberality."[33] As the Supreme Court affirmed in *Forman v. Davis*, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[34]

Carrillo should have an opportunity to test his claim on the merits if he can identity the proper defendant to replace Bussell. Accordingly, this request to amend is granted in part. Carrillo

---

[31] Doc. 84; Doc. 56 at 2 (Sept. 4, 2013, deadline).

[32] Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)) (writing that "[i]n general, a court should liberally allow a party to amend its pleading.").

[33] *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)) (internal quotation marks omitted); *Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

[34] *Forman v. Davis*, 371 U.S. 178, 182 (1962).

1 shall have **60 days from the date of this Order** to identify the correct officer and substitute this
2 name in place of Officer Bussell.  Carrillo is cautioned that no other new or additional information
3 besides the substitution of the new officer's name may be included, as Carrillo does not have
4 permission to add new claims or otherwise amend his complaint against the LVMPD and NDOC
5 defendants.

### 2. *Carrillo's motion for summary judgment (Doc. 59)*

Carrillo brought a Motion for Limited Summary Judgment against Bussell on June 13, 2013, well before he moved to dismiss his claims against her.[35]  On Carrillo's motion, Bussell is no longer a defendant.  The Court therefore denies his motion for summary judgment against Bussell (Doc. 59) as moot.

### C. Cotwright, Diaz, and Neven's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; Carrillo's Cross-motion for Partial Summary Judgment; and Cotwright, Diaz, and Neven's Motion for Enlargement of Time (Docs. 63, 130, 137)

Defendants Cotwright, Diaz, and Neven move for dismissal or summary judgment on Carrillo's claims against them on the basis that Carrillo failed to exhaust his administrative remedies at the CCDC.[36]  This motion was filed on June 26, 2013, and any response was due by July 13, 2013.[37]  Carrillo has filed four responsive briefs: a "Belated Reply" on July 29, 2013, a "Renewed belated Reply" on August 9, 2013, a "Cross-Motion For Partial Summary Judgment" on February 4, 2014, and a "Segmented Belated Opposition" on February 24, 2014.[38]  The titles of these documents, themselves, acknowledge their untimeliness.  Because not one was timely filed—they range from 33 days late to 243 days late—the Court will not consider any of them.  But because summary judgment cannot be granted merely because a request is unopposed, the Court carefully reviews these

---

[35] Doc. 59; *see also* Doc. 84.

[36] Doc. 63 (motion by Diaz and Neven); Doc. 99 (joinder by Cotwright).

[37] Doc. 63; *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (writing that failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints").

[38] Docs. 73, 75, 137, 143.

8

defendants' motion and the applicable law, and separately addresses Carrillo's countermotion for summary judgment.[39]

### 1.   Cotwright, Diaz, and Neven's motion to dismiss (Doc. 63)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions," by any prisoner, "until such administrative remedies as are available are exhausted."[40]  As the Supreme Court affirmed in *Jones v. Bock*, "[t]here is no question that exhaustion is mandatory under the PLRA and [] unexhausted claims cannot be brought in court."[41]  Prisoners must "exhaust all 'available' remedies, not just those that meet federal standards."[42]  This is true even when a prisoner seeks relief that "cannot be granted by the administrative process."[43]  The purpose is two-fold: (1) to give agencies opportunities to self-correct and to discourage disregard of their own procedures, and (2) to promote efficiency because agency proceedings typically reach quicker, more economical resolutions than court proceedings.[44]

The Ninth Circuit excused a prisoner's failure to exhaust in *Nunez v. Duncan*, where "he took reasonable and appropriate steps to exhaust his Fourth Amendment claim and was precluded from exhausting, not through his own fault but by the Warden's mistake."[45]  This holding was consistent with the PLRA's language, which "requires that an inmate exhaust only those

---

[39] *Heinemann v. Satterberg*, 731 F.3d 914, 916–17 (9th Cir. 2013).

[40] 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (" hold[ing] that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

[41] *Jones*, 549 U.S. at 211; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)) (writing that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory.").

[42] *Id.* (citation omitted).

[43] *See id.* (citation omitted).

[44] *Nunez v. Duncan*, 591 F.3d 1217, 1223 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

[45] *Id.* at 1224.

9

administrative remedies 'as are available.'"[46] In *Nunez*, the prisoner took timely, reasonable, appropriate, and good-faith steps to exhaust his administrative remedies within the prescribed time.[47]

A failure-to-exhaust defense is properly decided by unenumerated Rule 12(b) motion, not as a motion for summary judgment, because it is not a determination on the merits.[48] When a district court "decid[es] a motion to dismiss for a failure to exhaust nonjudicial remedies, [it] may look beyond the pleadings and decide disputed issues of fact."[49] Claims are dismissed without prejudice when a court finds that the prisoner failed to exhaust his non-judicial, administrative remedies.[50]

"In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."[51] The record reflects that Carrillo has filed grievances on various matters at the informal level, first level of appeal, and second level of appeal,[52] but he failed to exhaust the administrative process as to his claims against Cotwright, Diaz, and Neven.[53] Carrillo filed informal grievances related to his deliberate indifference against Cotwright and Diaz, but he never appealed his denied claims to either the first or second levels of formal review.[54] Carrillo never sought any

---

[46] *Albino v. Baca*, 697 F.3d 1023, 1030 (9th Cir. 2012) *reh'g en banc granted*, 709 F.3d 994 (9th Cir. 2013) (quoting 42 U.S.C. § 1997e(a)) (citations omitted).

[47] *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1225–26 (9th Cir. 2010)).

[48] *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir.1988) (per curiam); *Stauffer Chem. Co. v. FDA,* 670 F.2d 106, 108 (9th Cir.1982)) (citations omitted).

[49] *Id.* at 1119–20 (citation omitted).

[50] *Id.* at 1120 (citation omitted).

[51] *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1284 (9th Cir. 1993).

[52] Doc. 63-2 at 3–18.

[53] Doc. 63-2 at 18; Doc. 63-3 at 9.

[54] Docs. 63-2, 63-3. Cotwright, Diaz, and Neven write that Carrillo likewise failed to appeal his excessive-force-related grievances beyond the informal level. This claim is against now-dismissed-defendant Bussell, however, so the Court does not consider the excessive-force claim here. Doc. 63 at 8.

administrative remedy—through an informal grievance, first-level review, or second-level review—for his the supervisory-liability claim against Neven.[55] Even if the Court considered Carrillo's belated responses to this motion, it would find no evidence that Carrillo pursued good-faith exhaustion because Carrillo's administrative efforts stalled after his initial, informal grievances were denied with respect to his deliberate-indifference claims—despite the availability of two further stages for appeal—and he never even filed a single informal grievance regarding his supervisory-liability claim.[56]

The undisputed evidence shows that Carrillo has wholly failed to comply with the PLRA's exhaustion requirement. As the United States Supreme Court has repeated acknowledged, administrative exhaustion is not an optional step on the road to litigation: it "is mandatory," and "unexhausted claims cannot be brought in court."[57] Accordingly, the Court grants Cotwright, Diaz, and Neven's motion to dismiss (Doc. 63). Carrillo's deliberate-indifferent claims against Cotwright and Diaz and his supervisory-liability claim against Neven are dismissed without prejudice. This dismissal leaves no remaining claims against Cotwright, Diaz, or Neven in this action.

### 2.   *Carrillo's cross-motion for partial summary judgment (Doc. 137)*

Carrillo's countermotion for summary judgment does not seek judgment against these defendants: it is solely directed at the administrative-exhaustion defense they raise.[58] Carrillo argues

---

[55] Doc. 63 at 9.

[56] *See* Docs. 63-2, 63-3. Carrillo writes that "[e]xhaustion [is] not required where futile," that he was "thwarted in [his] exhaustion attempts as bar to known liabilities by each entit[y's] grievance responders," and that "even had some iota had been avail,—relief wise, given the nature of violation claims, the relief had to be available preeceeding [*sic*] the violation; not after." Doc. 73 at 1; Doc. 75 at 2; Doc. 143 at 2. Carrillo offers no competent evidence to support this allegation. *See* Fed. R. Civ. P. 5(b). Regardless, Carrillo does not actually argue that he pushed his administrative grievances as far as he could; instead, he effectively argues that it would have been pointless to try. But even if the administrative process cannot yield the relief a prisoner seeks, he is still required to make diligent and good-faith efforts to exhaust the administrative process before he proceeds to court. Carrillo's argument that relief "had to be available" before the violation is also unpersuasive because even litigating his claims in federal court will give him, at best, belated relief.

[57] *Jones*, 549 U.S. at 211; *Booth v. Churner*, 532 U.S. 731, 739 (2001).

[58] Doc. 137.

11

1  that "[i]t is not enough that an administrative remedy venue exists" and that, under the Supreme
2  Court's decision in *Booth v. Churner*, the exhaustion mandate "is predicate[d] upon there being
3  'some sort of relief' available [to] the party."[59]  This is not a true motion for summary judgment.
4  Instead, it is the third of four untimely oppositions to the motion to dismiss addressed above.[60]
5        This document was filed seven months and nine days after Cotwright, Diaz, and Neven's
6  motion to dismiss.[61]  This is far beyond the response deadline and is too late for the Court to
7  consider.  Even if the Court considered Carrillo's "motion" on its merits, it would rule against him
8  for the reasons discussed above.  *Booth* does not excuse compliance with the PLRA; even "an
9  inmate seeking only money damages must complete a prison administrative process that could
10  provide *some sort of relief* on the complaint stated, but no money."[62]  Accordingly, Carrillo's cross-
11  motion to dismiss (Doc. 137) is denied as it is not a true motion.

12        ***3.   Cotwright, Diaz, and Neven's motion for enlargement of time (Doc. 130)***

13        Cotwright, Diaz, and Neven separately move for an extension of their dispositive-motion
14  deadline and request that this deadline be set 30 days after the Court rules on their motion to
15  dismiss.[63]  Because these defendants are now dismissed, the Court denies the motion (Doc. 130) as
16  moot.

17  **D.   Carrillo's Motion to Abey (Doc. 81)**

18        After CCDC moved to dismiss on May 23, 2013, Carrillo filed a "Belated Motion to Abey
19  Defendants Renewed Motion to Dismiss, Doc. #51," which argues for appointment of counsel.[64]

---

[59] Doc. 137 at 2 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)).

[60] *See* Docs. 73, 75, 137, 143.

[61] *See* Docs. 63, 137.

[62] *Booth*, 532 U.S. at 734 (emphasis added).  This is the only time that the phrase "some sort of relief" appears in *Booth*.

[63] Doc. 130 at 2.

[64] Doc. 81.

12

This document was filed 83 days after CCDC's motion to dismiss. As Gillespie and CCDC urge in their opposition, it could be stricken as untimely.[65] It also advances completely unrelated arguments (what these defendants call "irrelevant")—and it does not supplement Carrillo's earlier response to CCDC's motion—so the Court liberally construes it as an independent motion to appoint counsel.[66]

Carrillo argues that he "has no impartial advocate with which to review, assess and generate further discovery, and accordingly, amend the action in the interest of justice."[67] He urges that his lack of counsel "raises the ugly spectur [*sic*] of judicial impartiality corruption" and that the Court and defense counsel "appear[] to unitarily endeavor exploiting and advantaging Mr[.] Carrillo due [to] his ignorance of law and practice."[68]

A civil plaintiff generally has no right to effective assistance of counsel unless losing the litigation may result in the plaintiff's loss of physical liberty.[69] In their sound discretion and under exceptional circumstances, district courts may "appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)," which is the *in-forma-pauperis* statute.[70] Appointing counsel requires a two-step analysis: courts consider "the likelihood of success on the merits as well as the ability of

---

[65] Doc. 89 at 2.

[66] Doc. 89 at 3; *see also* Docs. 53, 81.

[67] Doc. 81 at 3. Carrillo's motion also argues the "absence of any Klingele-Rand notice." Doc. 81 at 2. Plaintiff was provided with this notice, however, six separate times. Docs. 7, 26, 41, 52, 64, 93.

[68] Doc. 81 at 3, 3 n.3.

[69] *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) (citations omitted); *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 26 (1981) (citations omitted) (writing that "as a litigant's interest in personal liberty diminishes, so does his right to appointed counsel.").

[70] *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (writing that "[t]he decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'"); *see also Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976) (per curiam) (citing 28 U.S.C. § 1915) (writing that prisoners may "attempt[] to avoid the difficulties created by incarceration for the prosecution of the action" by requesting appointed counsel under the *in-forma-pauperis* statute).

the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."[71] Neither prong is dispositive on its own.[72] Instead, they "must be viewed together."[73]

Carrillo's freedom or incarceration does not depend, in any way, on the outcome of this lawsuit. The Court also finds no indication that Carrillo is proceeding *in forma pauperis* or that any *in-forma-pauperis* screening has occurred.[74] Even assuming arguendo that Carrillo has been granted *in-forma-pauperis* status, appointment of counsel is not appropriate here. Carrillo's likelihood of success on the merits is questionable: after this Order, only one defendant is left; that defendant is sued under a supervisory-liability theory; and whether the necessary proof exists for supervisory liability is unclear at best.[75] In addition, this case is not so complex that Carrillo, who has been articulating his factual and legal arguments in a surprisingly large number of filings, needs counsel to assist him. The Court also takes seriously the Ninth Circuit admonition to liberally construe Carrillo's pleadings, as this order demonstrates. Finally, the absence of court-appointed counsel does not call the Court's impartiality into question. Indeed, the presumption is against appointment of counsel for civil plaintiffs.[76] The Court therefore denies Carrillo's motion to abey (Doc. 81), which is liberally construed as a motion for appointment of counsel.

---

[71] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

[72] *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

[73] *Id.*

[74] The screening required by the *in-forma-pauperis* statute at 28 U.S.C. § 1915(e) is very similar to the screening required by the PLRA at 28 U.S.C. § 1915A(b)—and the citations themselves are almost identical—but these are different statutes. Judge Mahan's screening order reviewed Carrillo's complaint under Section 1915A; it did not conduct a Section 1915 screening. *See* Doc. 48 at 2–3.

[75] *See* Doc. 48 at 9–10 (screening order discussing what defendant must prove to establish supervisory-liability claim against Gillespie); *see also* Doc. 49 at 4, 12 (amended complaint stating claims against Gillespie).

[76] *Nicholson*, 767 F.2d at 1427 (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 101(1981)).

14

1  **E.     Carrillo's Motion to Supplement Judicial Notice (Doc. 134)**

Under Federal Rule of Evidence 201, courts may take judicial notice of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[77]  Judicial notice is properly taken of proceedings in other courts, both within and without the federal system, when those proceedings relate to matters at issue.[78]

Carrillo asks the Court to take judicial notice of perjury by "the officers," as he argues that even if their statements are not made under oath, "[a]ny answer, thus, at this juncture, is perjury."[79] He seeks to impeach unspecified defendants and submits a supporting affidavit, which contains 22 legal and factual points.[80] The affidavit includes assertions that he "was assaulted by an officer who grabbed [his] head and them slammed [*sic*] it into a concrete wall," that the witnesses of this event include inmates within the women's holding area, and that "the very core of Plaintiff's suit revolves around that assault and battery."[81]  Defendants Gillespie, CCDC, and Bussell respond that Carrillo's motion is based on "statements that were taken from Corrections' Officers" regarding the fight between Carrillo and Hicks, and that "neither of these two statements reflects that excessive force was used by these two LVMPD Officers."[82]  They also argue that judicial notice is not appropriate for these statements—not made under oath—and for which perjury cannot be an issue.[83]

---

[77] Fed. R. Evid. 201(b).

[78] *Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state appellate court opinion and the parties' briefs filed therein and in the trial court to determine whether an issue was actually litigated and necessarily decided in the state court for issue preclusion purposes).

[79] Doc. 134 at 1–2.

[80] Doc. 134 at 1, 3–6.

[81] Doc. 3, 5.

[82] Doc. 136 at 2.

[83] Doc. 136 at 2.

15

1    The Court cannot take judicial notice of truth or alleged perjury, regarding these statements
2 that municipal officials may or may not have made, because the facts are "subject to reasonable
3 dispute."[84]  The parties do indeed dispute these statements, and the Court has no way to determine
4 for certain either what was said or whether perjury was committed.  These facts are not known
5 within this Court's general territorial jurisdiction, nor are they capable of accurate, ready
6 determination through accurate sources.[85]  Carrillo's motion for judicial notice (Doc. 134) is thus
7 denied.

**F.    Summary**

This order dismisses defendant CCDC with prejudice, and dismisses all claims against defendants Bussell, Cotwright, Diaz, and Neven without prejudice.  The sole remaining defendant in this case is LVMPD Sheriff Gillespie.  Carrillo's supervisory-liability claim proceed against Gillespie, and Carrillo is permitted 60 days from the date of this Order to amend his complaint to replace Officer Bussell's name with the correct name of the officer Carrillo intended to sue in the first place.

**Conclusion**

Accordingly, and with good cause appearing, it is hereby ordered that:

1. Clark County Detention Center's Motion to Dismiss **[Doc. 51] is GRANTED**.  All claims against Clark County Detention Center are **DISMISSED with prejudice**.

2. Carrillo's Motion for Summary Judgment **[Doc. 59] is DENIED** as moot.

3. Diaz and Neven's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 63] is GRANTED**.  Carrillo's deliberate-indifference claims against Cotwright and Diaz and Carrillo's supervisory-liability claim against Neven are **DISMISSED without prejudice**.  Accordingly, there are no remaining claims against Cotwright, Diaz, or Neven in this action.

4. Carrillo's first Motion to Abey **[Doc. 81] is DENIED**.

---

[84] *See* Fed. R. Evid. 201(b).

[85] *See* Fed. R. Evid. 201(b)(1)–(2).

16

5. Carrillo's second Motion to Abey **[Doc. 84] is GRANTED in part and DENIED in part** consistent with this Order.  Sheriff Douglas Gillespie is directed to file a status update on whether he has fully complied with his Rule 26 obligations, including whether he has new information that might supplement or correct the identity of any officer who had contact with Carrillo after the holding-cell altercation between Carrillo and Hicks.  He must comply **within 30 days, on or before April 28, 2014**.  Carrillo is granted leave to amend his complaint **within 60 days, on or before May 28, 2014**, for the purpose of replacing Officer Bussell's name with the true name of this defendant.  Plaintiff is hereby cautioned that under Local Rule 15-1(a) any amended complaint that is filed with the Court must be complete in itself without reference to prior filings.  Any allegations, parties, or requests for relief from prior papers, that are not carried forward and reasserted in the amended complaint, will no longer be before the Court and will be deemed abandoned and no longer viable.

6. Bussell's Motion to Dismiss **[Doc. 92] is DENIED** as moot.

7. Cotwright, Diaz, and Neven's Motion to Extend Time **[Doc. 130] is DENIED** as moot.

8. Carrillo's Motion to Supplement Judicial Notice **[Doc. 134] is DENIED**.

9. Carrillo's Motion for Partial Summary Judgment **[Doc. 137] is DENIED**.

DATED March 28, 2014.

_____
Jennifer A. Dorsey
United States District Judge

17