UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gilberto Carrillo,<br><br>           Plaintiff<br><br>           v.<br><br>Douglas Gillespie et al.,<br><br>           Defendants | Case No.: 2:12-cv-02165-JAD-VCF<br><br>**Order Striking<br>Second Amended Complaint<br>[#153]** |

      This removed prisoner-civil-rights action arises out of Plaintiff Gilberto Carrillo's alleged injuries sustained during his temporary transfer to the Clark County Detention Center (the "CCDC") for a court hearing.  After substantial motion practice, Carrillo was left with a single Eighth Amendment violation claim against Sheriff Douglas Gillespie for deliberate indifference to Carrillo's safety and excessive force (all based upon a supervisor-liability theory), along with one chance to amend his complaint for the singular purpose of replacing the name of a misidentified defendant (Kathryn Bussell, whom Carrillo acknowledged was the wrong person because the officer he was trying to sue is male) with the correct officer's name.  Docs. 48, 149.  Carrillo was expressly "cautioned that no other new or additional information besides the substitution of the new officer's name may be included, as Carrillo does not have permission to add new claims or otherwise amend his complaint . . . ."  Doc. 149 at 8.

      In direct contravention of this explicit instruction, Carrillo filed a Second Amended Complaint that attempts to revive claims against dismissed defendants R. Christopherson, Dwain

1

Cotwright, "Nurse" Daryl, the CCDC, Raul Diaz, J. Ferry, Kim Francis, D. Neven, "Quinn," M. Razo, and A. Ritz; and he alleges entirely new legal theories against new parties defense counsel Lyssa Anderson, Esq., and the Court itself (Judge Jennifer Dorsey).[1]  Doc. 153.  Although Carrillo did replace substitute Scott Zavsza's name in place of Kathryn Bussell's in many allegations in the complaint, he also added entirely new theories against Bussell.  *See id.* at 16 (referencing "perjury by omission," "subornation of perjury," and "conspiracy").  Carrillo has greatly exceeded the scope of the Court's very limited leave order.

Rule 12(f) of the Federal Rules of Civil Procedure gives district courts the authority to strike "any redundant, immaterial, impertinent, or scandalous matter" on its own initiative and without waiting for a motion.  Fed. R. Civ. Proc. 12(f).  District courts also have the inherent power to control their own dockets and strike documents filed in violation of their express orders.  These grants of power include the broad discretion to strike amended pleadings that contain material that exceeds the scope of the Court's leave order.  *See e.g. Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (collecting authorities).

In this case, the Court granted Carrillo leave to amend his complaint to do one thing and only one thing: replace Bussell's name with that of the male officer he intended to sue in the first place.  Although it appears Carrillo did this, *see* Doc. 153 at 20–21, he also did much more that was not authorized by any rule or court order.  The additional information that was pled or re-pled in Carrillo's Second Amended Complaint violates the scope of this Court's March 28, 2014, order

---

[1] The new claims, parties, and allegations appear to arise from alleged actions in the course of this litigation, not from the events that underlie Carrillo's screened claims.  *See* Doc. 153 at 10 (alleging that Anderson (attorney for Gillespie) and the undersigned "aided and abetted" defendant Gillespie's alleged "failure to cooperate in discovery" in this case); *id.* at 14 (alleging that Anderson and the undersigned engaged in "malpractice of law and that of the bench of the federal judiciary . . . .").  Carrillo has not been granted leave to assert such claims in this case, and the Court would not have granted leave of a scope to encompass these theories had it been sought, so these claims and allegations are unauthorized and of no legal effect.  *See* Fed. R. Civ. Proc. 15(a)(2) ("a party may amend its pleading only with . . . the court's leave"); Alan Wright, 6 Federal Practice & Procedure: Civil 3d, § 1484, p. 685 (West 2010) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect . . .").  The Court offers no opinion on Carrillo's ability to bring those claims in a separate lawsuit that would need to be separately screened under 28 U.S.C. § 1915A.

(Doc. 149); it is thus unauthorized and non-operative and shall be stricken. *See supra* note 1. Because of the inherent difficulty in parsing out the new, unauthorized material in the Second Amended Complaint from the authorized allegations, the Court elects instead to strike the entire Second Amended Complaint (Doc. 153) for violation of the Court's leave order. Doc. 149. Plaintiff Carrillo shall be permitted one more opportunity to file a different version of his second amended complaint that merely takes the previous version of the complaint (Doc. 49, entitled 1st Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983) and removes from the defendant list any defendant who has been dismissed from this case (this includes Bussell, the CCDC, R. Christopherson, Dwain Cotwright, "Nurse" Daryl, Raul Diaz, J. Ferry, Kim Francis, D. Neven, "Quinn," M. Razo, and A. Ritz); and replaces Bussell's name with Scott Zavsza's name. Carrillo is cautioned that an amended complaint must be "complete in itself without reference to the" previous version of the complaint. *See* Local Rule 15-1(a). Therefore, he must carry forward into the new version any information that he wants to continue to plead and that has not been dismissed; the Court cannot and will not simply refer back to a prior pleading for other information because an amended complaint supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[2] Carrillo is cautioned, however, that no new claims, parties, or allegations—other than the replacement of Bussell's name with Zavsza's name—will be considered and, if included, they will be stricken. Carrillo shall have 30 days from the date of this order to file the revised amended complaint that complies with this order. If Carrillo fails to do so, or if he again exceeds the scope of the Court's permission by adding new information, allegations, parties, or claims not authorized by this order, this case shall proceed forward only on the remaining claims against Defendant Gillespie.

**Order**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff's Second Amended Complaint **(Doc. 153) is hereby STRICKEN. The Clerk of the Court is**

---

[2] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

**instructed to STRIKE the same from the record.**

IT IS FURTHER ORDERED that, in order to plead against Scott Zavsza the claims previously (and erroneously) alleged against Sgt. Kathryn Bussell, **Plaintiff must file a new version of the Second Amended Complaint within 30 days of this order that** merely takes the 1st Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 49) and (1) removes from the defendant list any defendant who has been dismissed from this case (this would include now-dismissed defendants Kathryn Bussell, the CCDC, R. Christopherson, Dwain Cotwright, "Nurse" Daryl, Raul Diaz, J. Ferry, Kim Francis, D. Neven, "Quinn," M. Razo, and A. Ritz); and (2) **replaces Bussell's name with Scott Zavsza's name**.  If Carrillo fails to file a proper Second Amended Complaint within 30 days or again exceeds the scope of the Court's permission by adding new information, allegations, parties, or claims not authorized by this order, this case shall proceed forward only on the remaining claims against Defendant Gillespie.  *See* Docs. 48, 149.

In the event that Plaintiff files his Second Amended Complaint naming Scott Zavsza as a defendant, IT IS FURTHER ORDERED that the Clerk shall electronically serve a copy of that pleading on the Office of the Attorney General of the State of Nevada, c/o Kat Howe, supervising legal secretary, 100 North Carson St., Carson City, NV 89701-4717.  The attorney general shall advise the court within 20 days of the receipt of that pleading whether the office can accept service of process for Scott Zavsza.  If the attorney general accepts service of process for Mr. Zavsza, he shall file and serve an answer or other response to the Second Amended Complaint within 45 days of the date of the notice of acceptance of service.

IT IS FURTHER ORDERED that if the attorney general does not accept service of process for Mr. Zavsza, then plaintiff must file a motion requesting issuance of summons for him and specifying his full name and address.  Zavsza shall then file and serve an answer or other response to the amended complaint within 30 days of service.

DATED May 29, 2014.

_____
Jennifer A. Dorsey
United States District Judge