**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GILBERTO CARRILLO,

        Plaintiff,

vs.

DOUGLAS GILLESPIE, *et al.*,

        Defendants.

Case No. 2:12–cv–2165–JAD–VCF

**ORDER**

This matter involves incarcerated *pro se* Plaintiff Gilberto Carrillo's section 1983 action against Sheriff Douglas Gillespie, among others. Before the court are Carrillo's Motion for Appointment of Counsel (#176) and Motion to Reopen Discovery (#177). For the reasons stated below, Carrillo's motions are denied.

**I.    Motion for Appointment of Counsel**

There is no constitutional right to appointed counsel in a federal civil rights action. *See, e.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues

involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Carrillo's motion fails to satisfy this standard. First, Carrillo failed to argue that he is likely to succeed on the merits his claims. It is Carrillo's burden to demonstrate likelihood of success on the merits of his claim. *See Rand*, 113 F.3d at 1525. Second, even if Carrillo demonstrated a likelihood of success on his claims, which he did not, Carrillo has shown a superior ability to articulate and prosecute his claims *pro se*. Carrillo has filed sufficiently lucid, well-written, and knowledgeable motions, and complied with court rules, procedures, and deadlines. The court, therefore, finds that exceptional circumstances do not exist at this time.

## II.     Motion to Reopen Discovery

Local Rule 26–4 precludes the reopening of discovery unless the movant demonstrates that the failure to act was the result of excusable neglect. A court does not abuse its discretion in denying additional discovery if (1) the movant has failed diligently to pursue discovery in the past, or (2) the movant fails to show how the information sought would preclude summary judgment. *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

Here, Carrillo has failed to demonstrate diligence. Although Carrillo argues that he previously requested the discovery sought (i.e., photographs from within the detention center and video surveillance footage), the court's review of the docket demonstrates that Carrillo never properly sought discovery from Defendants. On May 8, 2013, Carrillo filed a motion to compel (#46), which was stricken by the court because it was prematurely filed. Subsequently, on August 14, 2013, Carrillo filed a second motion to compel (#80), which was denied because Carrillo failed to identify the discovery at issue. (*See* Doc. #105).

If the discovery that Carrillo now seeks is necessary to oppose the pending motion for summary judgment, Carrillo is advised that he may file an appropriate opposition under Federal Rule of Civil Procedure 56(d).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Carrillo's Motion for Appointment of Counsel (#176) is DENIED.

IT IS FURTHER ORDERED that Carrillo's Motion to Reopen Discovery (#177) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 23rd day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE